{¶ 17} If Stand Energy Corporation's allegations are true, we have a textbook case of a fraudulent conveyance of real estate by officers and shareholders of Castlerock to defeat payment of its corporate debts.
 {¶ 18} The trial court, in holding that Stand's claim was barred by res judicata, neglected to mention the Ohio Uniform Fraudulent Transfer Act. R.C. 1336.04(A) provides, "A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim or the creditor arose before or after the transfer was made or the obligationwas incurred, if the debtor made the transfer or incurred the obligation in either of the following ways: (1) With actual intent to hinder,delay, or defraud any creditor of the debtor; (2) Without receiving areasonably equivalent value for the transfer or obligation, and if either of the following applies: (a) The debtor was engaged in or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; (b) The debtor intended to incur, debts beyond his ability to pay as they became due." (Emphasis added.)
 {¶ 19} On October 28, 1997, Stand entered into a contract to supply natural gas to Airy Trails, Inc., Noble Estates, Transcontinental Companies, Inc., Hawaiian Terrace L.L.C., and Castlerock Properties, Inc. Davis and Ruyan were officers and shareholders. Stand alleged that on April 30, 1996, Davis conveyed the real estate at 5101 Hawaiian Terrace, valued in excess of $2,800,000, to Castlerock.
 {¶ 20} The amended complaint alleged, in paragraph 25, that after Stand had supplied gas to Castlerock under the contract, Davis and Ruyan, on October 14, 1998, with intent to defraud creditors, transferred the real estate for less than its value from Castlerock to Transcontinental, a limited-liability corporate shell of which Davis was the sole officer. Not only are these operative facts sufficient to state a claim under Civ.R. 8(A) and 9(B), but in its memorandum opposing summary judgment, Stand again informed the trial court that the basis for its claim was R.C. 1336.04.
 {¶ 21} The majority applies Grava too broadly. Res judicata does not bar Stand's claim. Its claim did not "aris[e] out of the transaction or occurrence that was the subject matter of the previous action." Grava,
supra, at 382, 1995-Ohio-331, 653 N.E.2d 226. Stand's claim was not about Castlerock's breach of contract. It was a separate statutory claim, under R.C. 1336.04, predicated on facts tending to demonstrate that Davis and Ruyan had fraudulently transferred assets to defeat Stand's right to obtain satisfaction of its judgment. Ruyan's privity with Castlerock, as an officer and a shareholder, was not a reason to enforce res judicata; Ruyan's status as an officer and shareholder facilitated the fraudulent transfer and was the very basis of Stand's claim. Because res judicata did not bar Stand's claim against Ruyan for a fraudulent transfer, there were triable issues precluding summary judgment under Civ.R. 56.
 {¶ 22} Finally, the majority's statement, in paragraph 15, that "Stand failed to allege that any acts of fraud during the pendency of the first action were not discoverable," does not comport with the standard inDresher v. Burt (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. It wrongly shifts the burden of going forward to Stand. In Dresher, the supreme court held, "[T]he moving party [here Ruyan] bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. (emphasis in the original removed). The pleadings, the memoranda of counsel, and certain records of the auditor's office confirming the history of the transfers of 5101 Hawaiian Terrace were the only evidentiary materials that were before the trial court. Whether Stand brought its claim within the four-year limitation period after discovering Ruyan's actions, as provided in R.C. 1336.09, presented a genuine issue of material fact for the jury to resolve. The date of Stand's discovery of the fraud could not be resolved in this case by summary judgment.
 {¶ 23} I would reverse the judgment of the trial court and remand this case for trial or for further proceedings.